CHARLES W. MORSE *vs.* JABEZ L. BEBEE & Trustees.

One summoned as a trustee, in a trustee process, who has disclosed that he had received from the defendant an assignment of his property in trust to be converted into money, and, after payment of expenses, distributed amongst his creditors, does not entitle himself to a discharge by an answer stating, in reply to a specific question, that he had sold the property assigned for $900, and had paid out to the defendant's creditors $368, and had owing to him $526 for property of the defendant assigned to and sold by him, before the service of process.

TRUSTEE PROCESS. The general answer of the trustees disclosed that the defendant had executed to them an assignment of his property in trust to be converted into money, and, after payment of expenses, distributed amongst his creditors; and that they had sold his property, and collected the debts due to him as far as possible, and appropriated the proceeds towards the payment of the debts due to his creditors, and had in their hands five dollars, received for property sold, which was less than the amount of the defendant's indebtedness to them.

In reply to a specific inquiry, the trustees answered as follows: "The trustees have sold the property assigned to them for about $900.28, and had paid out to said Bebee's creditors, at the time of the service of the plaintiff's process upon them,

about $368.62, and we have owing to us about $526.66 for property of the defendant assigned to us, and sold by us, previously to the service of the plaintiff's process upon us."

At the hearing in the superior court, *Russell,* J. ordered the trustees to be discharged, and the plaintiff appealed.

*N. Wood,* for the plaintiff.

*P. C. Bacon,* for the trustees, cited *Edwards* v. *Mitchell,* 1 Gray, 239 ; *Lane* v. *Felt,* 7 Gray, 491 ; *Guild* v. *Holbrook,* 11 Pick. 101 ; *Hopkins* v. *Ray,* 1 Met. 79 ; *Maine Ins. Co.* v. *Weeks,* 7 Mass. 438.

DEWEY, J. This assignment was voidable by any creditor of the assignor who had not become a party to the same. The effect of a trustee process against the assignees was, however, only to charge them with the assets remaining in their hands at the time of the service of the writ. Whatever sums they had paid to other creditors under the provisions of the assignment, before the institution of this suit against them, are to be deducted from the assets they received. *Bowles* v. *Graves,* 4 Gray, 117.

The trustees admit in their answer that they have received under the assignment property of the debtor to the amount of $900.28, and have paid out to creditors only $368.62 ; and they must therefore be charged for the residue, unless upon other facts stated they have discharged themselves as to the same.

In the present state of the facts appearing in the case, it is quite immaterial to consider what would be the effect of holding negotiable notes or other promises or obligations of third persons, given for the goods and chattels of the debtor sold by the assignees, and yet remaining unpaid, as no such facts appear from their answer. The assignees, in their answer to the direct interrogatory propounded to them, only state that the balance of $526.66, arising from the sales of the property sold previously to the service of the trustee process, " is owing to us." This would be true if they had personally agreed to take in payment for the sales notes to be held by themselves as their own property, or had lent the money received for the property, or had deposited it to their own credit in a bank, or with individuals.

The interrogatory called for a more specific statement than

the general answer had furnished. In the opinion of the court, upon the answer of the trustees as now presented, they have not discharged themselves of the liability attaching to them from an acknowledged receipt of goods and chattels of the debtor, of the value of $900.28. It may be that the money arising from such sales has been lent by the assignees, and is thus due to them; and if so, this would bring the case within that of *Hooper* v. *Hills*, 9 Pick. 435. The trustees are therefore, upon the answer, to be charged generally, leaving any further questions that may be open to them on a *scire facias*, to be decided when they may arise. *Trustees charged.*